UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FELICIA A. JEFFERSON,                )
                                     )
                Plaintiff,           )
                                     )
v.                                   )   Case No. 18-2620-KHV
                                     )
AMSTED RAIL COMPANY, INC.,           )
                                     )
                Defendant.           )

# ORDER

Before the court is defendant's third motion to impose sanctions based on plaintiff's continued failure to fully comply with discovery requests, discovery orders, and orders requiring her participation in submitting a proposed pretrial order (ECF No. 43). Defendant seeks dismissal of plaintiff's claims with prejudice or, alternatively, an award of attorneys' fees and costs.

As recapped below, plaintiff, who is proceeding pro se and in forma pauperis, has developed a pattern in this case of complying a little, but never fully or enough, with the court's orders and defendant's discovery requests. Given plaintiff's pro se status, the court thus far has declined to impose sanctions, opting instead on a conservative approach of counseling plaintiff—both in person and in written orders—on her specific duties in complying with discovery and court orders. But plaintiff's intentional inaction in this case (even if not accompanied by wrongful intent) has reached the point where it is costing defendant a significant amount in attorneys' fees, is consuming a considerable amount of the court's time, and is delaying the legal process and resolution of this case. Because

warning plaintiff has proven ineffective, the court now grants, in part, defendant's motion for sanctions. The severe sanction of case dismissal is not warranted (at least, not at this juncture), but the lesser sanction of a fee award is imposed.

**I.    Background**

Plaintiff's violations in this case are well documented on the record, but the court highlights some events here for the reader's convenience:

- The scheduling order required the parties to submit confidential settlement reports by April 12, 2019 (ECF No. 15 at 3). Plaintiff ignored this order and did not submit her report (*see* ECF No. 23).

- Defendant served interrogatories, requests for production of documents, and requests for admission on April 4, 2019. Plaintiff failed to respond, and defendant was forced to file a motion to compel the discovery on June 11, 2019 (ECF No. 28). Only after the motion was filed did plaintiff serve deficient responses to the discovery requests on June 14, 2019 (ECF No. 29). Plaintiff filed no response to the motion to compel.

- On June 26, 2019, the court ordered plaintiff to address the alleged deficiencies in her responses to the interrogatories and requests for admission and, by July 10, 2019, to respond fully to the requests for production of documents (ECF No. 30). Plaintiff failed to comply with this order: as of July 12, 2019, she had produced no more than a handful of documents and had not adequately supplemented her interrogatory responses (*see* ECF No. 35).

- Defendant then filed a second motion to compel, which requested sanctions (ECF No. 32). Plaintiff filed no response to the motion. On July 23, 2019, the court granted the motion, stating:

  > Plaintiff is hereby ORDERED that by **August 6, 2019,** she must produce to defendant all requested documents in her possession, custody, or control, without objection, and must fully answer Interrogatory Nos. 2, 3, 7, and 9. It is important that plaintiff meet this August 6, 2019 deadline so defense counsel has adequate time to prepare for plaintiff's deposition scheduled for August 8, 2019 (ECF No. 35 at 2, emphasis in original).

  But at the time, the court declined to impose sanctions, opting instead to give plaintiff her "first warning" that sanctions, including dismissal, were likely should she fail to comply with the discovery order or stymy the completion of discovery:

  > At this time, the court declines to impose sanctions upon plaintiff, who is proceeding pro se and in forma pauperis. The court cautions plaintiff, however, that if she fails to comply with this discovery order or otherwise stymies the completion of discovery (including the taking of her deposition) for any unjustifiable reason, the court likely will impose sanctions. These sanctions could include dismissal of plaintiff's claims and/or the requirement that she pay the attorney fees and expenses incurred by defendant (ECF No. 35 at 2).

  Plaintiff failed to produce any documents or supplemental interrogatory responses by the deadline.

- Plaintiff appeared for her deposition on August 8, 2019. During the deposition, plaintiff produced hard-copy documents and forwarded e-mails to defense counsel responsive to defendant's discovery requests. Plaintiff stated she had additional responsive documents that she would provide "momentarily" (*see* ECF No. 44-1 at 3-4).

- But plaintiff never produced the additional documents, nor did she supplement her interrogatory responses. So, on August 19, 2019, defendant filed a motion for sanctions (ECF No. 38).
- Pursuant to the scheduling order (ECF No. 15), as modified (ECF No. 37), the parties were required to submit a jointly proposed pretrial order by August 23, 2019. Plaintiff violated this order by failing to participate in the drafting and submission of a proposed pretrial order.
- On August 27, 2019, the undersigned U.S. Magistrate Judge, James P. O'Hara, convened a status conference to discuss plaintiff's missed deadlines and the allegations in defendant's motion for sanctions. During the conference, the court again reminded plaintiff of her discovery obligations and her obligations to meet court-set deadlines. Plaintiff asked, and the court answered, questions about the specific steps that she must follow under the Federal Rules of Civil Procedure. The court then denied defendant's motion for sanctions without prejudice to refiling and, as noted in the written amended scheduling order filed the same day, **"cautioned plaintiff that this was her 'final warning,' and stated if she fails to comply with the deadlines set out below, the undersigned would almost certainly require her to pay defendant's attorney fees and recommend that the case be dismissed with prejudice."** (ECF No. 42 at 2, emphasis in original). The court then reset the discovery deadline to September 17, 2019, for plaintiff to (1) produce "a written response to each and every document request served by defendant," (2) produce "all outstanding responsive documents that are in her custody, possession, or control without asserting any objection," and (3)

"supplement her answers to Interrogatory Nos. 2, 3, 7, and 9, and . . . sign her answers under oath." (*Id.* at 2-3). The court also reset the deadline for submission of a "jointly proposed draft" pretrial order to September 23, 2019 (*Id.* at 3).

### II. Plaintiff's Failure to Heed the "Final Warning" and the Current State of Discovery

Defendant filed the instant motion for sanctions on September 20, 2019, asserting plaintiff still had not complied with any part of the court's August 27, 2019 order requiring that she produce written responses to document requests, supplement her document production, and supplement her answers to Interrogatory Nos. 2, 3, 7, and 9, all by September 17, 2019. Plaintiff responded that defendant's motion was filed prematurely because the court gave her "until September 23, 2019 to comply with Defendant's Discovery Request" and, indeed, she "complied with discovery requirements" on that date.[1] Plaintiff's argument fails for at least two reasons. First, the court's order clearly set September 17, 2019, not September 23, 2019, as the deadline for plaintiff to produce discovery, thereby making plaintiff's production on September 23, 2019 late. Secondly, and more importantly, even if plaintiff's discovery production had been timely, it was nonetheless incomplete. Plaintiff's certificate of service states plaintiff served her written responses to defendant's document requests (as well as answers to requests for admission), but it says nothing about completing her document production or supplementing her

---

[1] ECF No. 47 at 2.

answers to interrogatories.[2] The still-incomplete status of this discovery is discussed further below.

Additionally, plaintiff failed to satisfy the court's August 27, 2019 order requiring submission of a proposed pretrial order. On September 23, 2019, defense counsel submitted defendant's version of a proposed pretrial order as an attachment to an e-mail. The body of the e-mail stated counsel had sent a copy of defendant's draft to plaintiff on September 20, 2019, but that, beyond acknowledging the September 23, 2019 submission deadline, plaintiff provided no feedback, edits, or consent to submit the draft. Plaintiff did not submit her own version of a proposed pretrial order to the court.[3]

Despite plaintiff's clear failure to comply with the deadlines set in the court's discovery order, briefing on the instant motion (which includes a sur-reply and a sur-sur-reply), indicates plaintiff *has* taken *some* further steps to fulfill her discovery obligations.[4]

---

[2] ECF No. 46.

[3] On September 24, 2019, the undersigned's staff sent an e-mail and left a voicemail for plaintiff, attempting to schedule a telephone status conference for that day at 1:30 p.m. Plaintiff responded the following morning, September 25, 2019, stating she was "available at 1:30 pm" (presumably on September 25, 2019). The undersigned's staff then again attempted to reach plaintiff by e-mail and telephone (leaving a second voicemail) to arrange a status conference, with no success. Plaintiff did eventually call the court at about 3:00 p.m. on September 25, 2019, but did not offer an explanation for her failure to participate in drafting the proposed pretrial order. Plaintiff did explain, however, that she works nights and thus sleeps until mid-afternoon, during which time she does not respond to e-mails or telephone calls.

[4] Plaintiff's response vaguely states that "she has recently obtained the assistance necessary to effectively prosecute this action." ECF No. 47 at 1-2. But her sur-reply attributes her actions (or inactions) to the fact that "[h]er pro se status frustrates her ability to respond to discovery like a trained lawyer." ECF No. 51 at 1. Plaintiff can't have it both ways. To the extent an attorney is assisting plaintiff (whether on a paid or unpaid basis), the attorney

There is no dispute, for example, that plaintiff produced written responses to defendant's document requests on September 23, 2019. Nor is there any dispute that plaintiff produced additional, new documents on that date. But plaintiff's pattern of producing some, but not all, of the required discovery continued.

First, in responding to defendant's 22 document requests, on September 23, 2019, plaintiff produced documents in folders she designated as corresponding to Request Nos. 2, 4, 6, and 7, a folder of pay stubs, and a folder labeled "medical."[5] Although plaintiff's written responses indicated she had produced or made available for inspection and copying documents in response to all 22 requests, plaintiff hasn't indicated which documents correspond to Request Nos. 1, 3, 5, or 8-22.[6] Defendant does not discuss each of these requests, but notes, as an example, that plaintiff has not produced documents responsive to Request Nos. 3, 7, and 8 about her employment before and after her employment with defendant.[7] Plaintiff's only response to this argument is that she "concedes that she may have not provided the documents in an organized fashion."[8] This explanation obviously isn't sufficient to meet plaintiff's discovery obligations and the court's specific directive

---

is required to enter an appearance on the record, and the court will no longer apply the more liberal standards applicable to pro se pleadings.

[5] ECF No. 54-1, Declaration of R. Evan Jarrold.

[6] *See* ECF No. 48 at 3, and ECF No. 54-1. Plaintiff has not countered defendant's assertions on this point.

[7] ECF No. 48 at 3.

[8] ECF No. 51 at 1.

7

in its August 27, 2019 order that plaintiff "organize the documents in file folders labeled with their corresponding request number."[9]

Second, the court finds plaintiff has failed to supplement her responses to Interrogatory Nos. 2, 3, 7, and 9, despite the court ordering her to so do no less than three times. After defendant noted this omission in its reply brief, plaintiff addressed it in her sur-reply only with the conclusory statement that "Defendant has been provided with the Requested Interrogatory Answers."[10] Plaintiff cites nothing in support of her statement, such as a certificate of service or an affidavit. Defendant, however, has submitted evidence of the contrary. The declaration of its counsel, R. Evan Jarrold, states that at no time since serving her original interrogatory responses in June 2019 has plaintiff served any supplemental responses.[11] It's therefore clear that discovery remains incomplete as to plaintiff's document production and answers to interrogatories.

### III. Sanctions

The question now is what should be done to sanction plaintiff's past and continuing violations of the court's discovery orders and rules. Defendant argues that "dismissal is the only appropriate remedy,"[12] but alternatively requests plaintiff be ordered to pay its attorneys' fees and costs incurred in preparing its motions to compel and motion for

---

[9] ECF No. 42 at 3.

[10] ECF No. 51 at 1.

[11] ECF No. 54-1.

[12] ECF No. 48 at 3.

sanctions.[13] Plaintiff counters that her shortcomings do not rise to the level justifying dismissal and that a "monetary sanction would also be draconian."[14] She requests instead that the court "direct[] the parties to resolve the discrepancy between themselves."[15]

The Federal Rules of Civil Procedure recognize that sometimes it may be necessary for the court to dismiss an action as a sanction for a plaintiff's failure to prosecute a case, participate in discovery, or comply with court orders.[16] The Tenth Circuit has directed, however, that dismissal is a severe sanction that should only be used when lesser sanctions would be ineffective.[17] In other words, dismissal is a "weapon of last, rather than first, resort."[18] Due process requires that dismissal be based on willful discovery violations or intentional noncompliance with a court order rather than a party's inability to comply.[19]

---

[13] *Id.* at 5.

[14] ECF No. 51 at 2.

[15] *Id.*

[16] *See, e.g.,* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just order. They may include the following: . . . dismissing the action or proceeding in whole or in part."); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

[17] *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[18] *Meade v. Grubbs*, 941 F.2d 1512, 1520 n.6 (overruled in part on other grounds) (10th Cir. 1988); *see also Jones*, 996 F.2d at 264–65 (it was not until discovery deadlines had been continued seven times, plaintiffs continually failed to appear for depositions, and plaintiffs failed to pay attorneys' fees despite a court order, that case was dismissed).

[19] *Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995).

The Tenth Circuit has defined willful noncompliance as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown."[20]

To determine whether a plaintiff's discovery violations and/or noncompliance with court orders warrants dismissal as a sanction, the court must weigh the five factors set out by the Tenth Circuit in *Ehrenhaus v. Reynolds*: (1) the degree of actual prejudice to the defendant; (2) the amount of interference in the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the plaintiff that noncompliance likely would result in dismissal; and (5) whether lesser sanctions would be appropriate and effective.[21] This list of factors is non-exhaustive, and the factors are not necessarily weighted equally.[22] Dismissal is warranted only when aggravating factors outweigh the judicial system's "strong predisposition to resolve cases on their merits."[23]

In analyzing the *Ehrenhaus* factors in this case, the court must consider plaintiff's pro se status. The court should avoid denying plaintiff access to the court for mistakes resulting from her lack of knowledge or experience with the court system.[24] On the other

---

[20] *In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987) (quoting *Patterson v. C.I.T. Corp.*, 352 F.2d 333 (10th Cir. 1965)).

[21] 965 F.2d at 920–21.

[22] *Trevizo v. DG Retail, L.L.C.*, No. 14-1028, 2015 WL 134301 at *2 (D. Kan. Jan. 9, 2015) (citing *Anthony v. Alorica, Inc.*, Nos. 08-2437 & 08-2438, 2009 WL 4611456, at *5 (D. Kan. Dec. 4, 2009).

[23] *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (quoting *Ehrenhaus*, 965 F.2d at 921); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007).

[24] *Ehrenhaus*, 965 F.2d at 921 n.3 ("Particularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction

hand, the court is mindful that pro se litigants must follow the same rules of procedure governing other litigants.[25] As discussed below, after weighing the *Ehrenhaus* factors in whole, the court does not believe the extreme sanction of dismissal is warranted, at least at this time.

<u>The degree of actual prejudice to the defendant.</u> Turning to the first factor, defendant clearly has been prejudiced in that it has had to devote significant resources, including time, expense, and attorneys' fees, in a case that has made little progress since it was filed. Defendant was forced to expend time and money to file two motions to compel. Then, due to plaintiff's failure to comply with discovery, the court convened a status conference that defendant incurred attorneys' fees to attend. "The fact that the plaintiff is acting pro se and, therefore, is not incurring similar expenses only compounds the situation."[26] Defendant was forced to depose plaintiff without the benefit of complete written discovery responses. Finally, plaintiff's failure to submit a proposed pretrial order

---

other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation.").

[25] *Black v. Larimer Cnty.,* 722 F. App'x 763, 766 (10th Cir. 2018); *Norouzian v. Univ. of Kan. Hosp. Auth.*, 438 F. App'x 677, 680 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.2005)); *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000).

[26] *DeFoe v. Sprint/United Mgmt., Co.,* 196 F.R.D. 392, 394 (D Kan. 2000).

led the court to vacate all pending deadlines, thus delaying resolution of the case for defendant.[27] The first *Ehrenhaus* factor weighs in favor of dismissal.

The amount of interference in the judicial process. Plaintiff's conduct also has led to otherwise unnecessary judicial intervention. The court has had to repeatedly address plaintiff's non-compliance and defendant's corresponding motions to compel. Because defendant has not received the discovery to which it's entitled, the court has had to extend deadlines. Plaintiff's discovery delays and failure to respond to court orders—such as failing not once, but twice, to follow orders that she participate in drafting a final pretrial order, has hindered the judicial process.[28] It has "impact[ed] the court's ability to manage its docket and move forward with the case[] before it."[29] The second factor supports dismissal.

The culpability of the litigant. Under the third factor, the court considers plaintiff's culpability. Plaintiff is proceeding pro se and thus cannot claim her noncompliance is the fault of her attorney;[30] she is responsible for her own actions.[31] Plaintiff first contends she is not fully culpable for her discovery delays because between June 14, 2019, and August

---

[27] *See Jones*, 996 F.2d at 264–65 (affirming dismissal of action in part because plaintiff's conduct, including failure to submit a proposed pretrial order, caused delay and increased attorneys' fees).

[28] *DeFoe*, 196 F.R.D. at 394.

[29] *Davis*, 571 F.3d at 1062.

[30] It is possible, as mentioned in footnote 4 of this order, that plaintiff may have recently obtained counsel. But even if this is so, the vast majority of the noncompliance addressed in the instant motion occurred when plaintiff was acting on her own behalf.

[31] *DeFoe*, 196 F.R.D. at 394–95.

29, 2019, "Defendant possessed the only hard copies of material necessary for preparation of Plaintiff's discovery responses."[32] This situation occurred because plaintiff had produced to defendant the original version of certain documents in her possession and did not retrieve them from defense counsel until August 29, 2019. The two-and-a-half-month absence of the documents does not exonerate plaintiff, however. First, although plaintiff has had the documents back in her possession since August 29, 2019, she (1) did not submit a proposed pretrial order, (2) did not supplement her answers to Interrogatory Nos. 2, 3, 7, and 9, and (3) did not produce additional documents in her possession responsive to discovery requests—such as documents she identified and promised to produce during her August 8, 2019 deposition. Thus, although perhaps plaintiff used the retrieved documents to draft her written response to document requests that she served on September 23, 2019 (albeit, late), plaintiff has not explained why she continues to ignore the remainder of the court's "final warning" order. For example, defendant asserts, and plaintiff does not dispute, that the documents that were temporarily in defendant's sole possession did not relate to the subjects of Interrogatory Nos. 2 (work history), 3 (criminal history), 7 (mitigation), or 9 (physical/emotional damages).

Despite these findings of plaintiff's willful inactions, the court does not believe plaintiff is violating the court's orders with ill intent. Rather, plaintiff's violations appear to be due to a lack of attention to detail and a heretofore extremely lax and casual approach

---

[32] ECF No. 47 at 2; see also ECF No. 44 at 5 n.2 (noting that defense counsel returned to plaintiff her original documents during the week of August 26, 2019).

to prosecuting this case. In contrast to other cases in the Tenth Circuit granting dismissal as a sanction, plaintiff, at least now, appears to be making an effort to complete her discovery obligations.

Whether the court warned the litigant that noncompliance would likely result in dismissal. Significantly, the court repeatedly warned plaintiff that dismissal of her claims was likely if she continued to fail to comply with court orders. The court explained in its July 23, 2019 order on defendant's second motion to compel that continued failure to comply would result in sanctions, including dismissal and/or attorneys' fees. During the August 27, 2019 in-person status conference and written summary that followed, the court gave plaintiff a "final warning," that failure to comply would "almost certainly" result in dismissal <u>and</u> an award of defendant's attorneys' fees. This fourth *Ehrenhaus* factor therefore tilts toward dismissal.

Whether lesser sanctions would be appropriate and effective. Although at least three of the factors support dismissing plaintiff's claims, the court finds the final factor the most significant in this case. *Ehrenhaus* makes clear that before the court may dismiss a case as a sanction, it must explain why lesser sanctions would be ineffective.[33] This is especially true for pro se plaintiffs, who should not unknowingly lose rights of access to the courts because of technical violations.[34] Particularly in light of plaintiff's recent actions showing

---

[33] *Ehrenhaus*, 965 F.2d at 920, 922.

[34] *Id.* at 920 n.3 ("Particularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation.").

she is taking at least some steps toward discovery completion, the court cannot say that imposing lesser sanctions, such as monetary sanctions, would not spur her to finally and fully complete her discovery obligations and lead her to actively participate in this case. "The Court has not imposed any previous sanctions upon plaintiff."[35]

Fed. R. Civ. P. 37(b) empowers the court to sanction litigants who fail to obey discovery orders. "When, as here, a litigant's conduct abuses the judicial process, imposition of sanctions in the form of an award of attorney fees and costs is a remedy provided for by law and within the inherent power of the court."[36] "Sanctions under Rule 37 are intended to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent."[37] When a plaintiff is proceeding in forma pauperis, however, this court has recognized the plaintiff may not have the ability to pay the full amount of attorneys' fees and costs incurred by the defendant.[38] Thus, the court must sanction in an amount that, on the one hand, would

---

[35] *Leo v. Garmin Int'l.*, No. 09-2139, 2010 WL 1418586, at *5 (D. Kan. April 7, 2010) (declining to dismiss case as a sanction but upholding $2,000 sanction against a pro se plaintiff).

[36] *Beilue v. Int'l Bhd. of Teamsters, Local No. 492*, 13 F. App'x 810, 813 (10th Cir. 2001).

[37] *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 647 (D. Kan. 1999) (internal quotations and citation omitted).

[38] *McKinzy v. BNSF R.R.*, No. 08-2365, 2010 WL 420058, at *2 (D. Kan. Feb. 1, 2010) (upholding order imposing a $700 sanction on a pro se plaintiff proceeding in forma pauperis (citing ECF No. 121 therein)); *McKinzy v. Interstate Bakeries Corp.*, Nos. 08-2649 & 09-2081, 2009 WL 2390243, at *1 (D. Kan. Aug. 4, 2009) (upholding sanction award of $500 imposed on pro se plaintiff proceeding in forma pauperis, despite fees incurred by defendant in the amount of $3,644).

deter future misconduct but that, on the other hand, would not effectually bar plaintiff from proceeding with the case (amounting to a de facto dismissal).

The court finds it just, for the reasons stated above, to impose monetary sanctions on plaintiff. Defendant asks the court to order plaintiff to pay all of its attorneys' fees and costs incurred in preparing its motions to compel and the instant motion for sanctions. Defendant has not, however, submitted billing records or otherwise indicated the attorney time extended for such preparation or the rate at which that time was billed. In addition, it does not appear defendant has taken plaintiff's financial ability to pay (i.e., the fact that she has been allowed to proceed in this action in forma pauperis)[39] into account when requesting full payment of its fees. For her part, plaintiff opines that a monetary sanction would be "draconian,"[40] but she does not explain this position or otherwise address defendant's fee request.

Thus, although the court herein grants defendant's motion to the extent it requests monetary sanctions, the court retains under advisement the question of the amount to be paid. By **December 2, 2019**, the parties are ordered to meet, discuss, and attempt to agree upon the amount of attorneys' fees plaintiff will pay defendant as a sanction for her noncompliance with discovery orders. In the hopefully unlikely event the parties do not reach an agreement, by **December 6, 2019**, defendant shall file an accounting of the costs and legal fees (including supporting documentation, such as attorney time sheets) it

---

[39] ECF No. 4.
[40] ECF No. 51 at 2.

16

sustained in filing and briefing its motions to compel and motion for sanctions. Thereafter, plaintiff may, if she believes it necessary, file a response to defendant's filing by **December 13, 2019**.

### IV. Completion of Discovery and Resetting Deadlines

On September 25, 2019, the court vacated the remaining deadlines in the amended scheduling order pending a ruling on the instant motion for sanctions.[41] Because the court has determined that the case will not presently be dismissed as a sanction, the case must be put back on the path toward trial.

The first step on that path is the completion of discovery. As determined in Section II above, discovery remains incomplete as to plaintiff's document production and answers to interrogatories. Plaintiff is ordered to supplement her answers to Interrogatory Nos. 2, 3, 7, and 9, and to sign her answers under oath as required by Fed. R. Civ. P. 33(b)(3), **no later than November 25, 2019**. In addition, unless the parties can reach agreement on plaintiff's document production by **November 25, 2019**, defendant shall contact the undersigned's chambers by e-mail (with a copy to plaintiff) on **November 26, 2019**, to inform the court when the parties are available the **week of December 2, 2019**, to meet in a courthouse conference room to discuss plaintiff's document production and to potentially exchange additional documents. If such a meeting is necessary, plaintiff is ordered to bring with her every document in her possession, custody, and control that could be deemed at all relevant to her claims in this action. The undersigned will be available should any

---

[41] ECF No. 45.

disputes arise at the meeting. By **December 10, 2019,** defendant shall file a status report on the state of discovery. In the unlikely event discovery is not complete by that date, defendant's deadline to file any additional motion to compel or for sanctions shall be due on **December 13, 2019**. **Plaintiff should be aware that if any such motion is filed and deemed meritorious, the undersigned will recommend dismissal of this case.**

The second step toward trial will be resetting the deadlines for submission of a proposed pretrial order, for dispositive motions, and for trial. After the court receives defendant's status report (and potentially resolves an additional discovery motion), the court will issue a new scheduling order setting these deadlines.

IT IS THEREFORE ORDERED that defendant's motion for sanctions (ECF No. 43) is granted and monetary sanctions are awarded defendant. Should the parties be unable to agree on an amount plaintiff will pay defendant, then defendant shall supplement its fee request by December 6, 2019, and plaintiff may respond by December 13, 2019.

IT IS FURTHER ORDERED that plaintiff shall supplement her interrogatory answers by November 25, 2019. The parties shall confer and attempt to resolve the dispute over plaintiff's document production, but if they cannot, defendant shall contact the court on November 26, 2019.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order. Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order. If plaintiff does not timely file her objections, no court will allow appellate review.

November 18, 2019, at Kansas City, Kansas.

>  s/ James P. O'Hara
> James P. O'Hara
> U. S. Magistrate Judge