UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FELICIA A. JEFFERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-2620-KHV |
| | ) |
| AMSTED RAIL COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED REPORT AND RECOMMENDATION

The defendant, Amsted Rail Company, Inc., has filed its third motion to impose sanctions on the pro se plaintiff, Felicia A. Jefferson, based on her continued failure to fully comply with discovery requests and orders (ECF No. 59). Defendant seeks dismissal of plaintiff's claims, with prejudice. Because of plaintiff's repeated failure to comply with the court's orders and advance the case forward, the undersigned U.S. Magistrate Judge, James P. O'Hara, recommends that the presiding U.S. District Judge, Kathryn H. Vratil, grant defendant's motion and dismiss this case.[1]

On November 18, 2019, the undersigned issued a lengthy order recapping plaintiff's discovery transgressions and violations of court orders.[2] After noting the failure of past

---

[1] The undersigned issued a report and recommendation on February 21, 2020 (ECF No. 67), basing its recommendation, in part, on plaintiff's failure to pay $200 as a sanction for her past discovery violations. After plaintiff filed a certificate of service on February 24, 2020, indicating she has paid the sanction (ECF No. 68), the undersigned files this amended report and recommendation. This report and recommendation reflects that payment but nonetheless recommends dismissal for the reasons stated herein.

[2] ECF No. 55 at 1-8. The reader is specifically referred to that order for a complete understanding of the court's recommendation today.

warnings to spur plaintiff's compliance with the obligations that accompany her decision to bring suit, the court sanctioned plaintiff by requiring her to pay defendant's attorneys' fees incurred in bringing motions to compel and a motion for sanctions.[3]  The court also set a new deadline of November 25, 2019, for plaintiff "to supplement her answers to Interrogatory Nos. 2, 3, 7, and 9, and to sign her answers under oath as required by Fed. R. Civ. P. 33(b)(3)," and to complete her document production.[4]  The court warned plaintiff that if she failed to complete discovery such that another meritorious motion for sanctions was filed, the undersigned would recommend dismissal of this case.[5]

Plaintiff did not produce the remaining discovery by the November 25, 2019 deadline, nor at any other time since the court last ordered her to so do.[6]  Defendant notes plaintiff did send defense counsel e-mails on November 26, 2019, with web-links that appeared to be to medical and employment authorizations (the links were to a "dochub.com" website),[7] but counsel was unable to open the links and, in any event, such links would not have satisfied plaintiff's discovery obligations.  Plaintiff's response to the

---

[3] *Id.* at 16; *see also* ECF No. 62 at 2 (setting the amount of fees owed at $7,724, with $200 to be paid by January 31, 2020 and, in recognition of plaintiff's *in forma pauperis* status, with the remainder to be taken from any damages award ultimately recovered).

[4] ECF No. 55 at 17.

[5] *Id.* at 18 ("**Plaintiff should be aware that if any such motion is filed and deemed meritorious, the undersigned will recommend dismissal of this case.**" (emphasis in original)).

[6] Although plaintiff filed a "certificate of service" indicating she had completed discovery via an e-mail sent to defense counsel, *see* ECF No. 56, the record does not support this representation. Defendant's reply confirms plaintiff has not provided supplemental answers.  *See* ECF No. 64.

[7] ECF No. 60-3.

instant motion for sanctions is devoid of any explanation for plaintiff's failure to comply with the court's order.

Plaintiff previously failed to comply with the court's order requiring her to pay $200 to defense counsel by January 31, 2020 as a sanction for her past discovery violations.[8] After plaintiff asked for an extension of time to pay the sanction, the court set a deadline of February 12, 2020.[9] Counsel for defendant notified the court by telephone that plaintiff did not make that payment by the deadline. On February 24, 2020, plaintiff filed a certificate of service indicating she had sent the payment to defense counsel via standard mail delivery, although the date of payment is not reflected in her notice.[10]

The undersigned discussed the legal standards applicable to dismissal as a sanction in the November 18, 2019 order.[11] Dismissal is a severe sanction that the court only imposes when lesser sanctions have proven ineffective.[12] To determine whether a plaintiff's discovery violations and/or noncompliance with court orders warrants dismissal as a sanction, the court must weigh the five factors set out by the Tenth Circuit in *Ehrenhaus v. Reynolds*: (1) the degree of actual prejudice to the defendant; (2) the amount of interference in the judicial process; (3) the culpability of the plaintiff; (4) whether the

---

[8] ECF No. 62.

[9] ECF No. 66.

[10] ECF No. 68.

[11] ECF No. 55 at 8-11.

[12] *Id.* at 9 (citing *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

court warned the plaintiff that noncompliance likely would result in dismissal; and (5) whether lesser sanctions would be appropriate and effective.[13]

After applying these factors in November, the undersigned concluded, "the court does not believe the extreme sanction of dismissal is warranted, at least at this time."[14] Plaintiff has represented through her certificate of service that she paid the previous sanctions award. Even so, plaintiff has repeatedly failed to comply with the court's orders and has taken no action to advance this case towards trial. Therefore, notwithstanding plaintiff's sanctions payment, the undersigned recommends dismissal based on an analysis of the factors.

The degree of actual prejudice to the defendant. Turning to the first *Ehrenhaus* factor, defendant clearly has been prejudiced. Defendant has had to devote significant resources, including time, expense, and attorneys' fees, in a case that has made little progress since it was filed. Defendant was forced to expend time and money to file two motions to compel and three motions for sanctions. Then, due to plaintiff's failure to comply with discovery, the court convened a status conference that defendant incurred attorneys' fees to attend. "The fact that the plaintiff is acting pro se and, therefore, is not incurring similar expenses only compounds the situation."[15] Defendant was forced to depose plaintiff without the benefit of complete written discovery responses. In addition, plaintiff's failure to submit a proposed pretrial order led the court to vacate all pending

---

[13] 965 F.2d at 920–21.

[14] ECF No. 55 at 11.

[15] *DeFoe v. Sprint/United Mgmt., Co.,* 196 F.R.D. 392, 394 (D Kan. 2000).

4

deadlines, thus delaying resolution of the case for defendant.[16]  Plaintiff did eventually compensate defendant for the portion of its attorneys' fees the court awarded as a sanction, which weighs in favor of plaintiff.  But on balance, the first *Ehrenhaus* factor weighs in favor of dismissal.

The amount of interference in the judicial process.  Plaintiff's conduct also has led to otherwise unnecessary judicial intervention.  The court has had to repeatedly address plaintiff's non-compliance and defendant's corresponding motions to compel and motions for sanctions.  Because defendant has not received the discovery to which it's entitled, the court has had to extend deadlines.  Plaintiff's discovery delays and failure to respond to court orders—such as failing not once, but twice, to follow orders that she participate in drafting a final pretrial order, has hindered the judicial process.[17]  It has "impact[ed] the court's ability to manage its docket and move forward with the case[] before it."[18]  The second factor supports dismissal.

The culpability of the litigant.  Under the third factor, the court considers plaintiff's culpability.  Plaintiff is proceeding pro se and, although not trained in the law, strikes the court as a very intelligent, albeit disorganized, person.  In any event, plaintiff cannot claim her noncompliance is the fault of her attorney; she is responsible for her own actions.[19]

---

[16] *See Jones*, 996 F.2d at 264–65 (affirming dismissal of action in part because plaintiff's conduct, including failure to submit a proposed pretrial order, caused delay and increased attorneys' fees).

[17] *DeFoe*, 196 F.R.D. at 394.

[18] *Davis*, 571 F.3d at 1062.

[19] *DeFoe*, 196 F.R.D. at 394–95.

Plaintiff first contends she is not fully culpable for her discovery delays because between June 14, 2019, and August 29, 2019, "Defendant possessed the only hard copies of material necessary for preparation of Plaintiff's discovery responses."[20] This situation occurred because plaintiff had produced to defendant the original version of certain documents in her possession and did not retrieve them from defense counsel until August 29, 2019. The two-and-a-half-month absence of the documents does not exonerate plaintiff, however. First, although plaintiff has had the documents back in her possession since August 29, 2019: (1) plaintiff did not submit her portions of the proposed pretrial order the parties were ordered to prepare; (2) plaintiff did not supplement her answers to Interrogatory Nos. 2, 3, 7, and 9; and (3) plaintiff did not produce additional documents in her possession responsive to discovery requests—such as documents she identified and promised to produce during her August 8, 2019 deposition. Thus, although perhaps plaintiff used the retrieved documents to draft her written response to document requests that she served on September 23, 2019 (albeit, late), plaintiff has not explained why she continues to ignore the remainder of the court's "final warning" order.[21] For example, defendant asserts, and plaintiff does not dispute, that the documents that were temporarily in defendant's sole possession did not relate to the subjects of Interrogatory Nos. 2 (work history), 3 (criminal

---

[20] ECF No. 47 at 2; *see also* ECF No. 44 at 5 n.2 (noting that defense counsel returned to plaintiff her original documents during the week of August 26, 2019).

[21] *See* ECF No. 42 at 2 (cautioning plaintiff "**that this was her 'final warning,' and stat[ing] if she fails to comply with the deadlines set out below, the undersigned would almost certainly require her to pay defendant's attorney fees and recommend that the case be dismissed with prejudice**") (emphasis in original).

history), 7 (mitigation), or 9 (physical/emotional damages).  Although plaintiff represents she has now paid defense counsel the $200 she was sanctioned, she failed to meet the first and second deadlines to do so, and her certificate of service does not reflect the actual date of payment.  Without any clarification from plaintiff, the undersigned has no choice but to conclude plaintiff's inactions amount to willful noncompliance with the court's discovery orders.[22]

Whether the court warned the litigant that noncompliance would likely result in dismissal.  Significantly, the court repeatedly warned plaintiff that dismissal of her claims was likely if she continued to fail to comply with court orders. The court explained in its July 23, 2019 order on defendant's second motion to compel that continued failure to comply would result in sanctions, including dismissal and/or attorneys' fees.  During the August 27, 2019 in-person status conference and written summary that followed, the court gave plaintiff a "final warning" that failure to comply would "almost certainly" result in dismissal and an award of defendant's attorneys' fees.  But encouraged by a few small steps indicating plaintiff may have been attempting to finally comply with her discovery obligations, the undersigned gave plaintiff one last chance to complete discovery in his November 18, 2019 order.  This chance, however, came with the express, clear notice that

---

[22] The Tenth Circuit has defined willful noncompliance as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987) (quoting *Patterson v. C.I.T. Corp.*, 352 F.2d 333 (10th Cir. 1965)).

7

if plaintiff did not follow the court's order, "**the undersigned [would] recommend dismissal of this case.**"[23]  The fourth *Ehrenhaus* factor therefore tilts toward dismissal.

<u>Whether lesser sanctions would be appropriate and effective.</u>  When the undersigned last evaluated plaintiff's behavior in light of the *Ehrenhaus* factors, the final factor considering whether lesser sanctions would be effective was the only factor that weighed in plaintiff's favor.  At that time, the court had not imposed any previous sanctions upon plaintiff, and the undersigned found it prudent to see if imposing a monetary sanction on plaintiff would "spur her to finally and fully complete her discovery obligations and lead her to actively participate in this case."[24]  Recognizing plaintiff's financial inability to compensate defendant in the full amount of fees defendant incurred in bringing motions to compel and a motion for sanctions, the court gave plaintiff six weeks to pay defense counsel $200 toward the amount owed.[25]  Plaintiff's response to the instant motion stated she "will comply and provide Defendant $200.00 by the specified date."[26]  It appears plaintiff has now paid that $200, as reflected by the certificate of service filed on February 24, 2020.[27]  But the untimeliness and lack of organization associated with that payment, in combination with plaintiff's continued failure to complete discovery, compel the undersigned to recommend that this action be dismissed.

---

[23] ECF No. 55 at 18.

[24] *Id.* at 15.

[25] ECF No. 62 at 2.

[26] ECF No. 63 at 2.

[27] ECF No. 68.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order.  Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order.  If plaintiff does not timely file her objections, no court will allow appellate review.

IT IS SO ORDERED.

February 25, 2020, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U. S. Magistrate Judge
