# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FELICIA A. JEFFERSON, | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) No. 18-2620-KHV |
| AMSTED RAIL COMPANY, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On November 16, 2018, pro se plaintiff Felicia A. Jefferson sued Amsted Rail Company, Inc., alleging that defendant discriminated against her in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. Complaint (Doc. #1). This matter is before the Court on Defendant's Third Motion For Sanctions (Doc. #59) filed December 10, 2019 and U.S. Magistrate Judge James P. O'Hara's Amended Report And Recommendation (Doc. #69) filed February 25, 2020. For the reasons stated below, the Court sustains defendant's motion, fully adopts Judge O'Hara's report and recommendation and dismisses this case with prejudice.

## Procedural Background

### I. Defendant's First Motion (Motion To Compel)

On March 28, 2019, Judge O'Hara entered a scheduling order which required the parties to submit confidential settlement reports by April 12, 2019. Scheduling Order (Doc. #15). Plaintiff violated Judge O'Hara's order by not submitting a report. Mediation Minute Order (Doc. #23) filed April 23, 2019; see Order (Doc. #55) filed November 18, 2019 at 2. On April 4, 2019, defendant sent plaintiff interrogatories, requests for production of documents and

requests for admission.  Order (Doc. #55) at 2.  Plaintiff's responses to each set of discovery were due on May 6, 2019, and as that date approached, counsel for defendant followed up with plaintiff several times and warned her that it would need to involve the Court if she did not comply.  Jarrold Email (Doc. #28-2) filed June 11, 2019.  Plaintiff did not respond, which forced defendant to file a motion to compel discovery.  Defendant's Motion To Compel And Integrated Memorandum In Support (Doc. #28) filed June 11, 2019.  On June 14, 2019, plaintiff sent deficient responses (physical documents) to defendant's discovery requests, and she did not respond to defendant's motion to compel.  Certificate Of Service First Interrogation (Doc. #29); Order (Doc. #55) at 2.[1]

On June 25, 2019, counsel for defendant emailed plaintiff to address the deficiencies in her interrogatory responses, and explained that she needed to supplement her responses by July 5, 2019, or defendant would have to again involve the Court.  Jarrold Email (Doc. #32-3).  Plaintiff's responses did not remedy or even address the deficiencies.  Jefferson Emails (Doc. #32-4, 32-5).

On June 26, 2019, Judge O'Hara granted in part and denied in part Defendant's Motion To Compel And Integrated Memorandum In Support (Doc. #28).  Order (Doc. #30).  Judge O'Hara ordered plaintiff to address the deficiencies in her interrogatory responses and admission requests and, by July 10, 2019, to fully respond to the requests for production of documents.  Id. at 2.

Between July 2 and July 9, 2019, counsel for defendant followed up with plaintiff several times about supplementing her discovery responses, explaining that she needed to do so by

---

[1]  On August 29, 2019, plaintiff retrieved her materials from the office of defendant's counsel.  Memorandum In Support Of Defendant's Renewed Motion For Sanctions (Doc. #44) filed September 20, 2019 at 5 n.2; Plaintiff Felicia Jefferson's Response Opposing Defendant's Renewed Motion For Sanctions (Doc. #47) filed October 11, 2019 at 2.  On September 4, 2019, counsel for defendant emailed plaintiff copies of every document she had provided to date.  Memorandum In Support (Doc. #44).

July 10, 2019 to avoid further Court intervention.  Jarrold Email (Doc. #32-9).  Plaintiff failed to comply with Judge O'Hara's order, producing no more than a handful of documents and not adequately supplementing her interrogatory responses.  Order (Doc. #55) at 2.

**II.     Defendant's Second Motion (Motion To Compel And For Sanctions)**

On July 12, 2019, defendant filed its Second Motion To Compel And Integrated Memorandum In Support, Including Request for Expedited Briefing (Doc. #32), which requested that the Court order plaintiff to supplement her interrogatory responses and document production. Defendant also requested appropriate sanctions, including attorney's fees and an order to show cause.  On July 12, 2019, Judge O'Hara gave plaintiff until July 22, 2019 to respond to defendant's motion.  Order (Doc. #33).  Plaintiff did not respond.  On July 23, 2019, Judge O'Hara granted defendant's Second Motion To Compel And Integrated Memorandum In Support, Including Request for Expedited Briefing (Doc. #32), and ordered that plaintiff supplement her discovery responses by August 6, 2019.  Order (Doc. #35) at 2.  With respect to sanctions, Judge O'Hara explained:

> At this time, the court declines to impose sanctions upon plaintiff, who is proceeding pro se and in forma pauperis.  The court cautions plaintiff, however, that if she fails to comply with this discovery order or otherwise stymies the completion of discovery (including the taking of her deposition) for any unjustifiable reason, the court likely will impose sanctions.  These sanctions could include dismissal of plaintiff's claims and/or the requirement that she pay the attorney fees and expenses incurred by defendant.

Id.

On August 8, 2019, during plaintiff's deposition, she produced documents and emails that were responsive to defendant's prior discovery requests.  Jefferson Deposition (Doc. #44-1) filed September 20, 2019 at 3-4; Order (Doc. #55) at 3.  Although plaintiff indicated that she had

additional responsive documents, she never produced them, and she did not supplement her interrogatory responses.  Order (Doc. #55) at 3.

**III.    Defendant's Third Motion (Motion For Sanctions)**

On August 19, 2019, defendant filed a Motion For Sanctions (Doc. #38), which asked the Court to dismiss plaintiff's claims with prejudice or, in the alternative, order attorney's fees because plaintiff had repeatedly violated Judge O'Hara's orders and failed to provide adequate discovery.  Later that day, Judge O'Hara ordered the parties to submit their proposed pretrial order by August 23, 2019.  Order (Doc. #37).  Plaintiff violated Judge O'Hara's order by failing to participate in the drafting or submission of a proposed pretrial order.  Order (Doc. #55) at 4.

On August 27, 2019, Judge O'Hara convened a status conference to discuss plaintiff's missed deadlines and the allegations in defendant's Motion For Sanctions (Doc. #38).  Amended Scheduling Order (Doc. #42).  During the conference, Judge O'Hara again reminded plaintiff of her obligations to satisfy discovery and to meet court-set deadlines.  Judge O'Hara answered plaintiff's questions about the specific steps that she must follow under the Federal Rules of Civil Procedures.  Judge O'Hara denied without prejudice defendant's Motion For Sanctions (Doc. #38), but "**cautioned plaintiff that this was her 'final warning,' and stated if she fails to comply with the deadlines set out below, the undersigned would almost certainly require her to pay defendant's attorney fees and recommend that the case be dismissed with prejudice.**"  Id. at 2 (emphasis in original).  Judge O'Hara then reset the discovery deadline, giving plaintiff until September 17, 2019 to (1) produce "a written response to each and every document request served by defendant," (2) produce "all outstanding responsive documents that are in her custody, possession, or control without asserting any objection" and (3) "supplement her answers to Interrogatory Nos. 2, 3, 7 and 9."  Id.  Judge O'Hara also reset the deadline for the proposed pretrial

order, giving the parties until September 23, 2019 to submit a "jointly proposed draft." Id. Plaintiff again did not participate in drafting the proposed pretrial order or supply her own version.

IV. **Defendant's Fourth Motion (Motion For Sanctions)**

Plaintiff violated Judge O'Hara's order by failing to produce the required discovery by September 17, 2019. See Order (Doc. #55) at 5. As a result, on September 20, 2019, defendant had to file another motion for sanctions, which again requested that the Court dismiss plaintiff's claims with prejudice, or in the alternative, order payment of attorney's fees. Defendant's Renewed Motion For Sanctions (Doc. #43).[2]

On September 23, 2019 (six days late), plaintiff delivered to defendant a purported supplement to her discovery. On November 18, 2019, Judge O'Hara granted Defendant's Renewed Motion For Sanctions (Doc. #43), finding plaintiff's supplement both tardy and incomplete. Order (Doc. #55). Specifically, although plaintiff provided written responses to requests for production of documents, she failed to supplement interrogatory answers or appropriately supplement her document production. Id. at 7. Judge O'Hara ordered that by November 25, 2019, plaintiff confer with defendant regarding document production and supplement her answers to Interrogatory Nos. 2, 3, 7 and 9. Id. at 17. With respect to sanctions, Judge O'Hara ordered plaintiff to pay a portion of the attorney's fees that defendant had incurred due to her noncompliance, and ordered the parties to confer by December 2, 2019 regarding the appropriate amount. Id. at 18. Although he declined to recommend dismissal at that time, Judge

---

[2] In response to defendant's motion, plaintiff indicated that she "recently obtained the assistance necessary to effectively prosecutive this action." Plaintiff Felicia Jefferson's Response Opposing Defendant's Renewed Motion For Sanctions (Doc. #47). Despite inquiries from defendant, plaintiff has never clarified who this person is, or whether he or she is an attorney. Jarrold Email (Doc. #60-1) ("please let us know who it is that is assisting you with this case, if he or she is an attorney, and his or her contact information.").

O'Hara warned plaintiff that if defendant filed another meritorious motion to compel and/or sanctions, he would recommend that the Court dismiss this case. Id. at 18.

On November 19, 2019, counsel for defendant notified plaintiff that he had overnighted the discovery materials that plaintiff had submitted on September 23, 2019. Jarrold Email (Doc. #60-1). The email advised plaintiff that delivery had been made to her PO Box early that morning. Additionally, pursuant to Judge O'Hara's order, counsel for defendant advised plaintiff of his fees to date and inquired what plaintiff proposed to pay. Id. Plaintiff did not respond. On November 25, 2019, however, plaintiff emailed counsel for defendant that she had not received the overnighted folders. Accordingly, counsel for defendant advised plaintiff that he had (1) re-forwarded her an email from September 4, 2019 which enclosed PDFs of every document plaintiff ever produced, (2) forwarded plaintiff PDFs of the materials that she had delivered on September 23, 2019 and (3) put hard copies of all such documents at the front desk of his office for plaintiff to retrieve if needed. Jarrold Email (Doc. #60-2).

## V. Defendant's Fifth Motion (Motion For Sanctions)

By November 25, 2019, in violation of Judge O'Hara's order, plaintiff had not produced the remaining discovery. Although plaintiff emailed defendant web-links that appeared to be medical and employment authorizations, defendant was unable to open the links. Jarrold Email (Doc. #59-4) filed December 10, 2019. In any event, the links would not have satisfied plaintiff's discovery obligations. Amended Report And Recommendation (Doc. #69) at 2. Specifically, despite Judge O'Hara's direct order to do so, plaintiff had not supplemented either her answers to Interrogatory Nos. 2, 3, 7 and 9 or her document production. Id. Accordingly, on December 10, 2019, defendant filed its Third Motion For Sanctions (Doc. #59), which again requested that the Court dismiss plaintiff's claims with prejudice.

Additionally, in violation of Judge O'Hara's order, plaintiff did not respond to defendant counsel's inquiry regarding attorney's fees until December 5, 2019 – three days after the deadline for coming to an agreement. Accordingly, on December 6, 2019, defendant requested that the Court set the appropriate amount. Defendant's Motion For Attorney's Fees And Integrated Memorandum In Support (Doc. #57). On December 16, 2019, Judge O'Hara ordered plaintiff to pay defense counsel $200 by January 31, 2020. Order (Doc. #62). On February 3, 2020, plaintiff requested more time to pay. Plaintiff Felicia Jefferson's Motion For Extension Of Time To Satisfy Sanction (Doc. #65). On February 4, 2020, Judge O'Hara granted plaintiff's motion, giving her until February 12, 2020. Order (Doc. #66). Counsel for defendant notified Judge O'Hara that as of February 12, plaintiff had not made the payment. On February 24, 2020, plaintiff filed a certificate of service which indicated that she had sent the payment to defense counsel, although plaintiff's certificate did not identify the date of payment. Certificate Of Service (Doc. #68).

On February 25, 2020, Judge O'Hara entered his Amended Report And Recommendation (Doc. #69), which recommended that the Court dismiss plaintiff's claims given her continued refusal to satisfy discovery requests and her repeated violations of orders to do so.[3] On March 11, 2020, plaintiff requested additional time to object to Judge O'Hara's Amended Report And Recommendation (Doc. #69). Plaintiff Felicia Jefferson's Motion For Extension Of Time To File Objections To The Magistrate Judge's February 25, 2020 Report And Recommendation (Doc. #70). On March 17, 2020, the Court sustained plaintiff's motion, giving her until March 21, 2020 to object to Judge' O'Hara's recommendations. Order (Doc. #73). On

---

[3] On February 21, 2020, Judge O'Hara filed his initial Report And Recommendation (Doc. #67), which was based in part on plaintiff's failure to pay defendant $200 in accordance with Order (Doc. #62). On February 25, 2020, Judge O'Hara entered his Amended Report And Recommendation (Doc. #69), which reflected that plaintiff had made the payment.

March 25, 2020 (four days late), plaintiff filed her objections. <u>Plaintiff Felicia Jefferson's Objections To The Magistrate Judge's February 25, 2020 Amended Report And Recommendation</u> (Doc. #74).

## Legal Standards

The Court reviews de novo the portions of a magistrate judge's report and recommendation to which a party specifically objects. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." <u>Griego v. Padilla (In re Griego)</u>, 64 F.3d 580, 584 (10th Cir. 1991).

Under Rules 37(b)(2)(A)(v) and 41(b), Fed. R. Civ. P., the Court may dismiss an action in whole or in part when plaintiff fails to obey an order or to provide or permit discovery. <u>See</u> <u>Chaney v. Johnson Logistics Kan., LLC</u>, No. 14-4006-KHV, 2014 WL 7073205, at *1 (D. Kan. Dec. 12, 2014). Repeated failures to abide by deadlines or to obey court orders justify dismissal under Rules 37(b) and 41(b), Fed. R. Civ. P. <u>Id.</u> Given the harshness of dismissal, however, due process requires that the violations be predicated upon willfulness, bad faith or some fault of petitioner rather than inability to comply. <u>Id.</u> This is especially true in cases in which plaintiff is pro se. <u>Zander v. Knight Transp., Inc.</u>, No. 13-4016-KHV, 2015 WL 9216565, at *2 (D. Kan. Dec. 17, 2015), <u>aff'd,</u> 688 F. App'x 532 (10th Cir. 2017).

## Analysis

To determine whether to order dismissal as a sanction, the Court considers the following factors: (1) the degree of actual prejudice to defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions. <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 920–21 (10th Cir. 1992).

These factors do not constitute a rigid test, but represent criteria for the Court to consider before imposing dismissal as a sanction. Id. at 921. Here, all five factors weigh in favor of dismissal.

**I.      Prejudice To Defendant**

Plaintiff's failure to satisfy discovery requirements or comply with several court orders has significantly prejudiced defendant. Specifically, plaintiff's actions have forced defendant to devote considerable resources, including time, expense and attorney's fees to a case that has progressed little since its inception. In total, defendant has had to file five motions to force plaintiff to satisfy her discovery requirements, to follow Judge O'Hara's orders or to obtain sanctions when she failed to do so. Defendant's Motion To Compel And Integrated Memorandum In Support (Doc. #28); Second Motion To Compel And Integrated Memorandum In Support, Including Request for Expedited Briefing (Doc. #32); Motion For Sanctions (Doc. #38); Defendant's Renewed Motion For Sanctions (Doc. #43); Third Motion For Sanctions (Doc. #59). Moreover, to address plaintiff's continued failure to satisfy her obligations, Judge O'Hara had to convene a status conference, for which defendant incurred additional attorney's fees. The fact that plaintiff is acting pro se, and therefore is not incurring similar expenses only compounds the prejudice to defendant. De Foe v. Sprint/United Mgmt. Co., 196 F.R.D. 392, 394 (D. Kan. 2000), aff'd sub nom. De Foe v. Sprint/United Midwest Mgmt. Servs. Co., 1 F. App'x 837 (10th Cir. 2001).

In addition, plaintiff's failure to submit a proposed pretrial order led Judge O'Hara to vacate all pending deadlines, which further delayed resolution of the case. See Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993) (affirming dismissal of action in part because plaintiff failed to submit proposed pretrial order, which caused delay and increased attorney's fees). Although the record reflects that plaintiff ultimately paid defendant $200 for attorney's fees, this hardly puts a dent in what defendant actually incurred as a result of plaintiff's noncompliance. See Billing

Records (Doc. #57-1) ($7,724 in attorney's fees in connection with defendant's motions). Plaintiff's actions prejudiced defendant not only with respect to resources, but also with respect to the substance of the case – defendant had to depose plaintiff without the benefit of complete written discovery responses. This factor weighs in favor of dismissal.

## II.    Interference With Judicial Process

Plaintiff's conduct has led to a substantial amount of judicial intervention. Specifically, Judge O'Hara has had to repeatedly address plaintiff's failure to satisfy discovery requirements and to comply with court orders, including convening a special status conference to discuss plaintiff's missed deadlines and the allegations in defendant's motions for sanctions. Order (Doc. #30); Order (Doc. #35); Amended Scheduling Order (Doc. #42); Order (Doc. #55); Amended Report And Recommendation (Doc. #69). Moreover, Judge O'Hara has had to cancel and extend deadlines on several occasions, including when plaintiff failed *twice* to participate in drafting the proposed pretrial order, despite court orders directing her to do so. See Jones, 996 F.2d at 264 (plaintiff ignored court orders to submit proposed pretrial order). This has "impact[ed] the Court's ability to manage its docket and move forward with the cases before it." Davis v. Miller, 571 F.3d 1058, 1062 (10th Cir. 2009). This factor weighs in favor of dismissal.

## III.   Plaintiff's Culpability

Plaintiff asserts that she is not fully culpable for her discovery delays because between June 14 and August 29, 2019, defendant had the only hard copies of her discovery documents, and she could not adequately prepare and satisfy the discovery requirements without them.[4] For

---

[4] Plaintiff also asserts that she provided adequate answers to Interrogatory Nos. 2, 3, 7 and 9. She offers no support for that conclusory assertion. Even so, this does not address her additional discovery failures, including not satisfying document production despite several court orders to do so.

several reasons, this fact does not diminish plaintiff's culpability. First, plaintiff does not explain why she needed her previously-disclosed materials (which were inadequate) in order to supplement those materials and comply with the discovery requirements. For example, defendant asserts, and plaintiff does not dispute, that the documents that were temporarily in its possession did not relate to the subjects of Interrogatory Nos. 2 (work history), 3 (criminal history), 7 (mitigation) or 9 (physical/emotion damages). In other words, plaintiff could have cured at least one of her discovery deficiencies without these documents, but did not do so.

Second, even if she did need those materials to prepare, she placed herself in that position by initially failing to satisfy her discovery obligations. That is, at the outset she could have provided all of the required documents and responses, and she would not have needed to later supplement her discovery. In any event, she does not explain why she waited until August 29, 2019 to retrieve the documents.

Third, even if she was not responsible for her discovery delays between June 14 and August 29, 2019, it does not excuse her severe noncompliance both before and after this period. Before this period, plaintiff (1) violated Judge O'Hara's order to submit confidential settlement reports, <u>Mediation Minute Order</u> (Doc. #23); <u>Order</u> (Doc. #55), and (2) failed to timely respond to defendant's discovery requests (despite several reminders from defendant), which forced its first motion to compel. <u>Defendant's Motion To Compel And Integrated Memorandum In Support</u> (Doc. #28).

Similarly, after this period (when she had her discovery materials back), plaintiff continued to delay discovery and violate an extensive list of court orders. Specifically, plaintiff violated the <u>Amended Scheduling Order</u> (Doc. #42) by failing to produce the required discovery by September 17, 2019. She violated the <u>Amended Scheduling Order</u> (Doc. #42) by failing for the

second time to help draft the proposed pretrial order. She violated Order (Doc. #55) by failing to supplement her document production or her answers to Interrogatory Nos. 2, 3, 7 and 9. She violated Order (Doc. #55) by failing to consult with defendant regarding attorney's fees by December 2, 2019. She violated Order (Doc. #62) by failing to pay defendant $200 by January 31, 2020. She violated Order (Doc. #66) by failing to pay defendant $200 by February 12, 2020. Finally, even though the Court granted her an extension, she violated the Court's Order (Doc. #73) by failing to file her objections to Judge O'Hara's report and recommendation by March 21, 2020. Accordingly, even if the Court accepts plaintiff's excuse that she could not comply with the discovery requirements while defendant temporarily had her materials, she is still responsible for all of these violations. This factor weighs strongly in favor of dismissal.

## IV. Prior Warnings Of Dismissal

Before entering his Amended Report And Recommendation (Doc. #69), Judge O'Hara warned plaintiff three times that if she continued to delay discovery and violate court orders, he would recommend that the Court dismiss her claims. Order (Doc. #35) at 2 (sanctions for noncompliance "could include dismissal of plaintiff's claims"); Amended Scheduling Order (Doc. #42) ("**cautioned plaintiff that this was her 'final warning,' and stated if she fails to comply with the deadlines set out below, the undersigned would almost certainly require her to pay defendant's attorney fees and recommend that the case be dismissed with prejudice.**") (emphasis in original); Order (Doc. #55) (warning that if defendant filed another meritorious motion to compel, he would recommend dismissal). Indeed, Judge O'Hara actually gave plaintiff *two* "final warnings," both of which she ignored by continuing to violate court orders and further delay discovery. This factor weighs heavily in favor of dismissal.

## V. Efficacy Of Lesser Sanctions

Lesser sanctions have not deterred plaintiff from continuing to delay discovery and violate court orders. On November 18, 2019, after twice declining to impose sanctions, Judge O'Hara ordered that plaintiff (1) pay a portion of defendant's attorney's fees associated with her continued noncompliance, (2) by December 2, 2019, confer with defendant regarding the appropriate amount and (3) by November 25, 2019, supplement her answers to Interrogatory Nos. 2, 3, 7 and 9. Order (Doc. #55) at 17. Despite the imposition of attorney's fees, plaintiff apparently violated each of these directives. She did not adequately supplement her discovery, which forced defendant to file its *fifth* motion regarding plaintiff's noncompliance. Third Motion For Sanctions (Doc. #59). Additionally, plaintiff did not respond to defendant counsel's inquiry regarding attorney's fees until December 5, 2019 – three days after the deadline for coming to an agreement – which forced defendant to ask the Court to set the appropriate amount. Defendant's Motion For Attorney's Fees And Integrated Memorandum In Support (Doc. #57). On December 16, 2019, Judge O'Hara ordered plaintiff to pay defense counsel $200 by January 31, 2020. Order (Doc. #62). Plaintiff violated that order, and on February 3, 2020, requested more time to pay defendant. Plaintiff Felicia Jefferson's Motion For Extension Of Time To Satisfy Sanction (Doc. #65). On February 4, 2020, Judge O'Hara granted plaintiff's motion, giving her until February 12, 2020 to pay defendant $200. Order (Doc. #66). Counsel for defendant notified Judge O'Hara that by February 12, plaintiff had not made the payment. Plaintiff did not notify the Court until February 24, 2020 (nearly two weeks late) that she had made the payment, although her certificate did not identify the date of payment. Certificate Of Service (Doc. #68). On March 25, 2020, plaintiff violated the Court's Order (Doc. #73) by filing four days late her objections to Judge O'Hara's report and recommendation. Accordingly, lesser sanctions clearly did not deter

plaintiff's noncompliance. Not only did she continue to violate court orders and further delay discovery, she actually violated each directive within the order that imposed the lesser sanctions – including complying with the sanctions themselves. This factor weighs in favor of dismissal.

## VI. Conclusion

Each of the Ehrenhaus factors weighs in favor of dismissal. Ehrenhaus, 965 F.2d at 920–21. Pursuant to Rule 37(b)(2)(A)(v), Fed. R. Civ. P., the Court therefore dismisses plaintiff's claims with prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Third Motion For Sanctions (Doc. #59) filed December 10, 2019 is **SUSTAINED.**

**IT IS FURTHER ORDERED** that the Court fully agrees with and adopts U.S. Magistrate Judge James P. O'Hara's Amended Report And Recommendation (Doc. #69) filed February 25, 2020.

Dated this 6th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge