### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FELICIA A. JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 18-2620-KHV |
| | ) | |
| AMSTED RAIL COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

On November 16, 2018, pro se plaintiff Felicia A. Jefferson sued Amsted Rail Company, Inc., alleging that defendant discriminated against her in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. Complaint (Doc. #1). On February 25, 2020, U.S. Magistrate Judge James P. O'Hara entered his Amended Report And Recommendation (Doc. #69), which recommended that the Court dismiss plaintiff's claims because she continually failed to satisfy discovery requests and repeatedly violated orders to do so.[1] On April 6, 2020, the Court adopted Judge O'Hara's report and recommendation, and dismissed plaintiff's claims with prejudice.[2] Memorandum And Order (Doc. #76). This matter is before the Court on Plaintiff Felicia Jefferson's Motion To Alter Or Amend The Court's April 6, 2020 Memorandum And Order (Doc. #77) filed May 5, 2020. For reasons stated below, the Court overrules plaintiff's motion.

---

[1] On February 21, 2020, Judge O'Hara filed his initial Report And Recommendation (Doc. #67), which was based in part on plaintiff's failure to pay defendant $200 in accordance with the court's Order (Doc. #62). On February 25, 2020, Judge O'Hara entered his Amended Report And Recommendation (Doc. #69), which reflected that plaintiff had made the payment.

[2] The Court incorporates the factual and procedural background from its Memorandum And Order (Doc. #76).

**Legal Standard**

Pursuant to Rule 59(e), Fed. R. Civ. P., a party can seek to alter or amend a judgment within 28 days of its entry. To do so, the moving party must establish (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. Jones v. Saul, 20-4008-JAR, 2020 WL 1495399, at *1 (D. Kan. Feb. 28, 2020). A motion to reconsider is not a second opportunity for the losing party to make her strongest case, to rehash arguments or to dress up arguments that previously failed. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp.2d 1130, 1132 (D. Kan. 2005). Whether to grant a motion to reconsider is left to the Court's sound discretion. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995).

**Analysis**

As best the Court can ascertain, plaintiff asserts that the Court clearly erred when it dismissed her claims with prejudice.[3] Specifically, she asserts that the factors from Ehrenhaus v. Reynolds, 965 F.2d 916, 920–21(10th Cir. 1992), do not warrant dismissal.[4] According to plaintiff, she failed to satisfy her discovery obligations and comply with Judge O'Hara's orders because defendant's counsel did not return all of her discovery materials and misled her regarding discovery.[5]

---

[3] She does not assert new evidence or an intervening change in controlling law.

[4] Plaintiff also asserts that the Court erred by declining to conduct an evidentiary hearing on whether she had satisfied her discovery obligations. Such a hearing would accomplish nothing. Not only does the record show that Judge O'Hara had to order plaintiff several times to provide required discovery, her own argument belies the claim that she satisfied discovery. Specifically, she explicitly asserts that she could not complete discovery because defendant's counsel did not return all of her discovery materials and misled her regarding discovery.

[5] Plaintiff also asserts that pursuant to the sanction that Judge O'Hara imposed, she eventually paid some of defendant's attorney's fees, which apparently constituted a considerable

First and foremost, plaintiff's motion is untimely.  See Fed. R. Civ. P. 59(e) (moving party has 28 days to file motion); Memorandum And Order (Doc. #76) filed April 6, 2020; Plaintiff Felicia Jefferson's Motion To Alter Or Amend The Court's April 6, 2020 Memorandum And Order (Doc. #77) filed May 5, 2020.  Setting aside its tardiness, however, the motion is without merit.  Plaintiff concludes in one sentence that the Ehrenhaus factors do not warrant dismissal, but she does not analyze them.

Moreover, she provides no support for her accusation that defendant's counsel misled her regarding discovery.  To the contrary, the record evidence shows that defense counsel went out of their way to remind plaintiff and ensure that she complied with discovery obligations and court orders.  See Jarrold Email (Doc. #28-2) filed June 11, 2019 (reminding plaintiff of approaching due date for discovery responses); Jarrold Email (Doc. #32-3) (addressing deficiencies in plaintiff's interrogatory responses); Jarrold Email (Doc. #32-9) (following up about supplementing discovery responses and due date); Jarrold Email (Doc. #60-1) (notifying plaintiff that counsel returned her discovery materials and reminding her of Judge O'Hara's order to pay attorney's fees); Jarrold Email (Doc. #60-2) (notifying plaintiff that counsel had again forwarded copies of her discovery materials).

For several reasons, plaintiff's accusation that defendant's counsel failed to return all of her discovery materials is not persuasive.  First of all, the record does not support it.  The evidence shows that defendant returned the materials several times in multiple forms.  See Jarrold Email (Doc. #60-1) (advising plaintiff that counsel had overnighted plaintiff's discovery materials);

---

burden given her financial circumstances.  While the Court acknowledges this payment, it does not immunize plaintiff from the consequences for other severe noncompliance with discovery obligations and court orders, including those related to the sanction itself.  See Memorandum And Order (Doc. #76) at 13 (detailing plaintiff's violations of order to pay attorney's fees).

Jarrold Email (Doc. #60-2) (advising plaintiff that he had (1) re-forwarded PDFs of every document she had produced, (2) forwarded plaintiff PDFs of materials she delivered on September 23, 2019 and (3) put hard copies of all documents at front desk of office for plaintiff to retrieve).

In any event, as the Court explained in its prior order, (1) plaintiff did not explain why she needed previously-disclosed materials (which were inadequate) in order to supplement those materials and comply with the discovery requirements, (2) even if she did need those materials, she placed herself in that position by initially failing to satisfy her discovery obligations and (3) even if she was not responsible for her discovery delays between June 14 and August 29, 2019 (the period when defendant allegedly possessed her materials), it does not excuse her severe noncompliance both before and after this period.  See Memorandum And Order (Doc. #76) at 10–12.  In her motion for reconsideration, plaintiff does not address any of these issues, but instead re-asserts arguments which the Court has already rejected.

**IT IS THEREFORE ORDERED** that Plaintiff Felicia Jefferson's Motion To Alter Or Amend The Court's April 6, 2020 Memorandum And Order (Doc. #77) filed May 5, 2020 is **OVERRULED.**

Dated this 27th day of May, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
